# United States District Court

__NORTHERN__ DISTRICT OF __NEW YORK__

UNITED STATES OF AMERICA

v.

SANFORD MELTZER

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
MAY 11 2006
AT ____ O'CLOCK ____
Lawrence K. Baerman, Clerk - Syracuse

**CRIMINAL COMPLAINT**

CASE NUMBER: 06-MJ-138

**SEALED**

I, __Special Agent Emily Vacher,__ being duly sworn state the following is true and correct to the best of my knowledge and belief:

In or about March 2006, in the Northern District of New York, the defendant did:

knowingly possess material that contains images of child pornography that had been mailed, shipped and transported in interstate or foreign commerce by any means, including by computer, that is graphic file images of children under the age of eighteen engaged in sexually explicit activity

in violation of Title __18__ United States Code, Section(s) __2252A(a)(5)(B)__

I further state that I am a __Special Agent with the FBI,__ and that this complaint is based on the following facts:

See Attached Affidavit -

Continued on the attached sheet and made a part hereof:  ☒ YES   ☐ NO

Emily Vacher
Special Agent, FBI

Sworn to before me, and subscribed in my presence,

__May 11, 2006__ at
Date

__Syracuse, New York__

Hon. Gustave J. DiBianco
__United States Magistrate Judge__
Name and Title of Judicial Officer

Signature of Judicial Officer

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

v.

SANFORD MELTZER,

Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AFFIDAVIT IN SUPPORT OF A COMPLAINT

Emily Vacher, being duly sworn, deposes and states as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI). I have been so employed from January 2001, to the present. I am currently assigned to the FBI's Albany Division, Syracuse Resident Agency. Prior to being assigned to the Syracuse Resident Agency, I was assigned to the FBI's Cyber Division, Innocent Images Unit at FBI Headquarters. During my tenure with the FBI, I have participated in numerous criminal investigations including the investigation of child pornography production, transmission, and possession matters, and other child sexual exploitation crimes, many of which have resulted in the arrest and subsequent convictions of the persons responsible for the crimes.

2. I am submitting this affidavit in support of a criminal complaint charging SANFORD MELTZER with knowingly possessing child pornography, in violation of Title 18 United States Code, Section 2252A(a)(5)(B) and in support of an arrest warrant for SANFORD MELTZER on this charge.

3. Title 18 United States Code, Section 2252A(a)(5)(B) provides that: any person who...knowingly receives or distributes any child pornography that has been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer [has committed an offense].

4. The statements contained in this affidavit are based on my experience and background as a criminal investigator, and on information provided to me by other law enforcement officers, including investigators from the Onondaga County Sheriff's Office. As such, I am familiar with the facts and circumstances of this investigation. Since this

affidavit is being submitted for the limited purpose of supporting a complaint and securing an arrest warrant, I have not included every fact resulting from the investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that SANFORD MELTZER has knowingly possessed child pornography in violation of Title 18 USC 2252A(a)(5)(B).

5.  On or about April 10, 2006, I met with Detective Gerald Mancill, Onondaga County Sheriff's Office, who reported that while conducting a child pornography possession investigation involving SANFORD MELTZER, he received information that led him to apply for a search warrant for a computer and other electronic media used by and/or belonging to MELTZER. That search warrant was granted and executed on March 10, 2006. Detective Mancill's supplemental reportn regarding the search warrant is attached hereto as Exhibit A. The contents of that report are hereby incorporated by reference, as if fully set forth herein.

6.  After seizing the defendant's computer and removable media, a forensic examination of its contents was performed by Detective Mancill. Detective Mancill conducted a preliminary analysis of one of the Zip disks recovered from MELTZER's house. The analysis of that disk revealed images of child pornography as defined by New York State Penal Law Section 263.00.[1] The images contained on the Zip disk depict very young pre-pubescent female children engaged in sexually explicit conduct. Also recovered from this Zip disk is an approximately forty-nine second video of a young female child inserting an object into her vagina.

7.  I have personally reviewed each of the images recovered from MELTZER's

---

[1] Section 263.00 of the New York Penal Law provides the following relevant definitions:

1. "Sexual performance" means any performance or part thereof which, for purposes of section 263.16 of this article, includes sexual conduct by a child less than sixteen years of age or, for purposes of section 263.05 or 263.15 of this article, includes sexual conduct by a child less than seventeen years of age.
2. "Obscene sexual performance" means any performance which, for purposes of section 263.11 of this article, includes sexual conduct by a child less than sixteen years of age or, for purposes of section 263.10 of this article, includes sexual conduct by a child less than seventeen years of age, in any material which is obscene, as such term is defined in section 235.00 of this chapter.
3. "Sexual conduct" means actual or simulated sexual intercourse, oral sexual conduct, anal sexual conduct, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals.
4. "Performance" means any play, motion picture, photograph or dance. Performance also means any other visual representation exhibited before an audience.

# United States District Court

__NORTHERN__ DISTRICT OF __NEW YORK__

UNITED STATES OF AMERICA

v.

SANFORD MELTZER

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
MAY 1 1 2006
AT ____ O'CLOCK
Lawrence K. Baerman, Clerk - Syracuse

**CRIMINAL COMPLAINT**

CASE NUMBER: 06-MJ-138

**SEALED**

1

I, Special Agent Emily Vacher, being duly sworn state the following is true and correct to the best of my knowledge and belief:

In or about March 2006, in the Northern District of New York, the defendant did:

knowingly possess material that contains images of child pornography that had been mailed, shipped and transported in interstate or foreign commerce by any means, including by computer, that is graphic file images of children under the age of eighteen engaged in sexually explicit activity

in violation of Title __18__ United States Code, Section(s) __2252A(a)(5)(B)__

I further state that I am a Special Agent with the FBI, and that this complaint is based on the following facts:

See Attached Affidavit -

Continued on the attached sheet and made a part hereof:   ☒ YES   ☐ NO

_____
Emily Vacher
Special Agent, FBI

Sworn to before me, and subscribed in my presence,

May 11, 2006 at
Date

Syracuse, New York

Hon. Gustave J. DiBianco
United States Magistrate Judge
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*********************************************
UNITED STATES OF AMERICA

    v.

SANFORD MELTZER,

                    Defendant.
*********************************************

## AFFIDAVIT IN SUPPORT OF A COMPLAINT

Emily Vacher, being duly sworn, deposes and states as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI). I have been so employed from January 2001, to the present. I am currently assigned to the FBI's Albany Division, Syracuse Resident Agency. Prior to being assigned to the Syracuse Resident Agency, I was assigned to the FBI's Cyber Division, Innocent Images Unit at FBI Headquarters. During my tenure with the FBI, I have participated in numerous criminal investigations including the investigation of child pornography production, transmission, and possession matters, and other child sexual exploitation crimes, many of which have resulted in the arrest and subsequent convictions of the persons responsible for the crimes.

2. I am submitting this affidavit in support of a criminal complaint charging SANFORD MELTZER with knowingly possessing child pornography, in violation of Title 18 United States Code, Section 2252A(a)(5)(B) and in support of an arrest warrant for SANFORD MELTZER on this charge.

3. Title 18 United States Code, Section 2252A(a)(5)(B) provides that: any person who...knowingly receives or distributes any child pornography that has been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer [has committed an offense].

4. The statements contained in this affidavit are based on my experience and background as a criminal investigator, and on information provided to me by other law enforcement officers, including investigators from the Onondaga County Sheriff's Office. As such, I am familiar with the facts and circumstances of this investigation. Since this

affidavit is being submitted for the limited purpose of supporting a complaint and securing an arrest warrant, I have not included every fact resulting from the investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that SANFORD MELTZER has knowingly possessed child pornography in violation of Title 18 USC 2252A(a)(5)(B).

5.  On or about April 10, 2006, I met with Detective Gerald Mancill, Onondaga County Sheriff's Office, who reported that while conducting a child pornography possession investigation involving SANFORD MELTZER, he received information that led him to apply for a search warrant for a computer and other electronic media used by and/or belonging to MELTZER. That search warrant was granted and executed on March 10, 2006. Detective Mancill's supplemental reportn regarding the search warrant is attached hereto as Exhibit A. The contents of that report are hereby incorporated by reference, as if fully set forth herein.

6.  After seizing the defendant's computer and removable media, a forensic examination of its contents was performed by Detective Mancill. Detective Mancill conducted a preliminary analysis of one of the Zip disks recovered from MELTZER's house. The analysis of that disk revealed images of child pornography as defined by New York State Penal Law Section 263.00.[1] The images contained on the Zip disk depict very young pre-pubescent female children engaged in sexually explicit conduct. Also recovered from this Zip disk is an approximately forty-nine second video of a young female child inserting an object into her vagina.

7.  I have personally reviewed each of the images recovered from MELTZER's

---

[1] Section 263.00 of the New York Penal Law provides the following relevant definitions:

1. "Sexual performance" means any performance or part thereof which, for purposes of section 263.16 of this article, includes sexual conduct by a child less than sixteen years of age or, for purposes of section 263.05 or 263.15 of this article, includes sexual conduct by a child less than seventeen years of age.
2. "Obscene sexual performance" means any performance which, for purposes of section 263.11 of this article, includes sexual conduct by a child less than sixteen years of age or, for purposes of section 263.10 of this article, includes sexual conduct by a child less than seventeen years of age, in any material which is obscene, as such term is defined in section 235.00 of this chapter.
3. "Sexual conduct" means actual or simulated sexual intercourse, oral sexual conduct, anal sexual conduct, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals.
4. "Performance" means any play, motion picture, photograph or dance. Performance also means any other visual representation exhibited before an audience.

# CNYLEADS Supplement Report Cover

| Agency Name | | | | | | DR # |
|---|---|---|---|---|---|---|
| Onondaga County Sheriff's Office | | | | | | 06-169048 |
| Original Incident Type | Report Date / Time | | Business Name | | | |
| SXOF | 03/21/2006 | 13:47 | | | | |
| Person Type | Victim/Complainant Last Name | | First | MI | Suffix | DOB |
| CO | Walker | | Robin | L | | 06/29/1956 |
| Incident Address: Number | Prefix | Street Name | | Type | Suffix | |
| 120 | | Clearview | | RD | | |

This is a supplemental report regarding a SXOF investigation being conducted by Det. Naughton, DR#06-169048.

On 03/10/06 Lt. Woolley (OCSO CID), and Sgt. Simone (OCSO/APU) advised me Syracuse PD APU Section was conducting an investigation (DR#06-162759) regarding a sexual offense, specifically regarding a possible violation/s of 130.00, 263.11, and 263.16 of the NYS Penal law, which occurred at a location in the City of Syracuse, with other occurrances at 120 Clearview Rd. T/Dewitt. Sgt Simone advised me Det. Naughton (OCSO/APU) would be investigating the incident that had occurred at 120 Clearview Rd. T/Dewitt. Lt. Woolley, and Sgt. Simone directed me to review statements that had been provided to SPD regarding the investigation, and prepare a search warrant application, for the search of the residence located at 120 Clearview Rd. T/Dewitt. Det. Bernozzi of the Syracuse PD APU Section provided me with the statements obtained from Robin Walker, Mark Bostwick, and his own (Det. Bernozzi's) professional affidavit. Also obtained was a professional affidavit from Lt. Woolley that listed his experience, and professional training.

Upon review of the statements provided to me, and after viewing the Syracuse PD report regarding their investigation, this writer prepared a search warrant application. This application was then reviewed by Lt. Wooley, then presented at a meeting with Onondaga County Court Judge Brunetti. Judge Brunetti reviewed the search warrant application, and signed the accompanying search warrant after making minor changes/restrictions regarding the search warrant. Judge Brunetti's changes/restrictions to the search warrant consisted of limiting the search of the residence located at 120 Clearview Rd. T/Dewitt to the room referred in the statements obtained as the "study" of the residence. He further restricted the search of the computer files to be those files "reasonably believed to contain evidence of a violation of Penal law article 263 or 130".

At approx. 1500 Hrs. I arrived at 120 Clearview Rd. T/Dewitt regarding the execution of the previously mentioned search warrant. The search consisted of the room known as the "study" which included the attached closet, which is part of this room. Det. Naughton assisted this writer in the transcription of the the OCSO Property/ Evidence Submission Forms. Several items of evidentiary value were collected, then transported, and secured by this writer, to/in the OCSO Computer Forensic Room (OCSO HQ). After arriving at the OCSO Computer Forensic Room, this writer observed that (2) items, specifically item#21, and 22 respectfully had not been listed on the OCSO Property/Evidence Submission Forms. These items were as follows; Item#21-(7) Zip Discs in bin from closet, Item#22- (48) Floppy Discs in box (white small) from bookshelf. These items were added to the OCSO Property/Evidence Sumission Forms by this writer, and any misspellings or minor description errata were checked and initaled by this writer on the forms. For information regarding the times of collection, transport, and items collected, refer to the Onondaga County Property/Evidence Submission Form, DR#06-169048. For information as to the persons present, or assisting refer to the report of Det. Naughton, DR#06-169048.

| REPORT STATUS: | CLOSED BY | | CLEARED AGES | NYSPIN MESSAGE: | MSG # | DATE | TIME |
|---|---|---|---|---|---|---|---|
| Open | | | | | | / / | : |
| NOTIFIED/TURNED OVER TO: | PERSON NOTIFIED: | | NOTIFIED DATE TIME / / : | | COPIES TO: | RECORDS USE ONLY 1613 | |
| False Statements made herein are punishable as a Class A Misdemeanor pursuant to 210.45 NYSPL AFFIRMED UNDER PENALTY OF PERJURY PRINT NAME Gerald Mancill | | ID# 1451 | SIGNATURE Electronically Signed | Administrative Use Only SUPERVISOR NAME (PRINT) Sgt Simone | | ID# 0302 | APPROVED BY SIGNATURE Approved Electronically |

Page 2 of 3

Form 3.5NC (Rev 6/04)